### D. SULLIVAN V. B. L. CROUCH.

#### No. 601.

1. **Necessary Party—Plea in Abatement.**—Where a plea in abatement setting up the nonjoinder of a necessary party is stricken out by the lower court on exception, this court will not reverse the judgment for such holding, unless it appears that injury has resulted to appellant; and will look to the entire record to determine whether or not the party was a necessary party.

2. **Same—Cancellation of Trust Deed.**—Where a note secured by deed of trust is taken up by the execution of a new note, and a new deed of trust is taken on different property under an agreement that the first deed of trust should be released, the holder of the new note is not a necessary party to a suit to cancel the first deed of trust.

3. **Continuance—Insufficient Application.**—There was no error in overruling an application for continuance to secure the deposition of a witness, where it does not appear that the proposed witness was cognizant of the facts of the transaction about which his testimony was desired.

APPEAL from Dimmit. Tried below before Hon. M. F. LOWE.

*Ogden & Harwood,* for appellant.

*John A. Green, Jr.,* for appellee.

JAMES, CHIEF JUSTICE.—B. L. Crouch executed to the firm of O'Connor & Sullivan a note dated November 12, 1888, for $10,500, and gave a deed of trust to W. W. King on lands in Dimmit and Zavalla Counties to secure the same. About the end of June, 1890, when there remained a balance of $9500 unpaid of said note, Crouch increased his indebtedness, and gave said firm new notes aggregating a larger sum, which were made up of the said balance and new indebtedness, and also gave a new deed or deeds of trust to secure the new notes on a large quantity of other lands situated in Frio County; and we conclude from the evidence, that at the time and as a part of said transaction, it was agreed between the parties that the old note should be surrendered and the old deed of trust should be released. The note was delivered to Crouch, stamped "paid." Crouch applied to D. Sullivan and to the trustee, W. W. King, for a release thereof before the institution of this suit, offering to pay the expense attending the same, without success. At the time of this demand O'Connor, of the firm of O'Connor & Sullivan, had died.

This suit was filed by B. L. Crouch against D. Sullivan and W. W. King, asking for a cancellation of the said deed of trust. The District Court, after a trial, granted the relief asked.

*Conclusions of Law.*—The defendant filed a plea in abatement, wherein he alleged that D. R. Fant was the owner of the debt (the $9500 balance) secured by the deed of trust sought to be canceled, the said Fant having purchased the increased loan, into which said $9500

balance was added, for a valuable consideration and without notice of the alleged agreement to release, and was entitled to the security of the deed of trust sought to be canceled, and was therefore a necessary party to the suit. By his first assignment of error appellant contends that the plea should not have been stricken out on exceptions made to it.

This court will not reverse the judgment for such ruling, unless it appears that injury has resulted therefrom to appellant; and we should look to the entire record to determine whether or not the party not joined was a necessary party, and for that reason the judgment should be set aside.

We agree with appellant in so far as he contends that a deed of trust should not be canceled in a suit to which the beneficiary is not a party. Whether Fant was entitled to claim the benefits of the first deed of trust, or not, depends on the determination of the issue as to the agreement alleged to have been made, whereby, in consideration of the new note and deed of trust, the first deed of trust was agreed to be released. When we look to what the record discloses on that issue, we find that the first note was surrendered to Crouch; that a new note or notes, which included the balance not paid of the first note, were given by him, expressly secured by a deed of trust on different land; that (as we state in our conclusions of fact) it was then agreed that the original deed of trust should be released; and that afterwards, in 1893, D. Sullivan & Co., successors of O'Connor & Sullivan, sold the new notes to D. R. Fant.

What D. R. Fant bought were the new notes and the lien securing the same on lands in Frio County, and in the absence of the agreement to release the first deed of trust, he would in equity probably be entitled to claim the benefit thereof, as to that portion of the $10,500 that entered into the new notes.

It is urged that Fant was entitled to the benefit of said deed of trust by reason of his having no notice of the agreement to release it when he purchased. We dispose of this contention by holding, that it would not be possible for him to assume the position of an innocent purchaser, so as to be protected against the rights of Crouch, when the latter had in his possession the very note, to which the deed of trust referred, canceled.

Under the above state of facts we are unable to perceive that Fant had any interest in the deed of trust of which a cancellation is sought to be declared, and as we view the record, no error has been committed by the court in proceeding with the case with the parties before it. It matters not what may have been the court's reason for rejecting the plea.

The second assignment of error was for not granting a continuance for appellant to obtain the deposition of D. R. Fant. The application, although a first application, states that appellant desired to prove by said witness that witness "is the owner of the notes of which

the deed of trust and other trust deeds owned by said Fant are merged into a subsequent trust deed, and that the debt is not paid." This expression is quite obscure. It is difficult to tell from it with any degree of certainty what the witness was to testify to. Inasmuch as the material issue was whether or not in the transaction in which the note was delivered, the deed of trust was agreed to be released, there was nothing stated in the application which would indicate that the proposed witness was cognizant of the facts of that transaction. Indeed, it was pleaded by defendant, in effect, that Fant had no knowledge of such a transaction. We find no statement in appellant's brief under this assignment of error, nor any proposition, unless we construe the assignment to be a proposition in itself, which we have done.

There was no error in overruling the application.

There is abundant testimony to support the conclusion that the release of the deed of trust in question was agreed upon in the transaction which led to the giving of new notes and deeds of trust, and as a part of it, and therefore supported by a consideration, and appellant has no just cause to complain of the judgment rendered.

*Affirmed.*

Delivered April 24, 1895.